UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD COUNTY DIVISION

IN RE:
CARL'S FURNITURE, INC.,                          CASE NO.  11-24203-JKO
d/b/a CARL'S,                                    CHAPTER 11
                                                 **JOINTLY ADMINISTERED**

_____Debtor_____/
CARL'S FURNITURE OF NORTH                        CASE NO. 11-24216 JKO
DADE, INC., d/b/a CARL'S,                         CHAPTER 11

          Debtor.
_____/
CARL'S FURNITURE OF SOUTH                        CASE NO. 11-24221-JKO
DADE, INC., d/b/a CARL'S,                         CHAPTER 11

          Debtor.
_____/
CARL'S FURNITURE PLAZA, INC.,                    CASE NO.  11-24229-JKO
d/b/a CARL'S,                                    CHAPTER 11

          Debtor.
_____/
CARL'S OF LAUDERHILL, INC.,                      CASE NO.  11-24231-JKO
d/b/a CARL'S,                                    CHAPTER 11

          Debtor.
_____/

**DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING POST-PETITION
FINANCING FROM RETAIL CREDIT CORPORATION AND GRANTING A SENIOR
SECURED SUPER-PRIORITY LIEN**

**EMERGENCY HEARING REQUESTED**

**Reason for Exigency**

**The Debtors requires the borrowed funds to continue their business operations.**

CARL'S  FURNITURE,  INC.,  CARL'S  FURNITURE  OF  NORTH  DADE,  INC.,

CARL'S FURNITURE OF SOUTH DADE, INC., CARL'S FURNITURE PLAZA, INC., and

CARL'S OF LAUDERHILL, INC., the Debtors and Debtors-in-Possession (the "Debtors"), through counsel, moves for the entry of Order authorizing it to obtain post-petition financing from RETAIL CREDIT CORPORATION, (the "Lender"), (the "DIP Financing") and in support thereof, states as follows:

1.    On May 24, 2011 (the "Petition Date"), the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtors have operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.    The Debtors continue to operate their business and manage their assets as a Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.    This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1134. These matters constitute core proceedings under 28 U.S.C. § 157(b)(2).

4.    The Debtors are Florida Corporations that operate retail furniture and accessories stores in South Florida. The Debtor, Carl's Furniture, Inc., is the one hundred percent (100%) shareholder of four (4) corporations that have filed Chapter 11 proceedings, namely: Carl's Furniture of North Dade, Inc.; Carl's Furniture of South Dade, Inc., Carl's Furniture Plaza, Inc.; and Carl's of Lauderhill, Inc. Each store operates at a different location in either Broward or Miami-Dade County. Accordingly, venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5.    The Debtors have an immediate need to obtain financing to permit, among other things, the orderly continuation of the operation of its business, to maintain business relationships with customers, to make payroll, and to satisfy other working capital and operational needs. The access of the Debtors to sufficient working capital and liquidity through

the proposed loan is vital to the preservation and maintenance of the going concern value of the Debtor and to a successful reorganization of the Debtors.

6. The Debtors were unable to obtain financing on more favorable terms from sources other than RETAIL CREDIT CORPORATION and were unable to obtain adequate unsecured credit available under §503(b)(1) of the Bankruptcy Code as an administrative expense.

7. The post-petition lender is vital to the Debtors continued post-petition business operations. The Debtors have received a lending commitment from Retail Credit Corporation to provide a post-petition line of credit to the Debtors in an amount of up to $1,000,000.00 at eight percent (8%) interest, with a default rate of twelve percent (12%) per annum, advancing monies to the Debtors as funds are required for payment of operating expenses, however all advances shall be at the sole discretion of Retail Credit Corporation. Repayment shall be at confirmation of a Plan of Reorganization or an Event of Default. The terms of the post-petition loans or advances by the Lender shall be in accordance with the Term Sheets attached hereto as Exhibit "A". The Debtors will be filing a formal Debtor-in-Possession Financing and Security Agreement in advance of any final hearing on this motion..

8. Furthermore, anticipated advances shall be made in accordance with the Term Sheets attached hereto as Exhibit "A". Additional advances may be required at different times; however, the Debtor seeks to adhere to the line of credit schedule and will seek further authority should additional advances be needed going forward.

9. Retail Credit Corporation is owned by the Debtor's insiders.

**10. The Lender has requested, and the Debtors have agreed, to provide the Lender with a senior secured super-priority lien on all of the assets of Carl's Furniture, Inc., Carl's Furniture of North Dade, Inc., Carl's Furniture of South Dade, Inc., Carl's**

Furniture Plaza, Inc. and Carl's of Lauderhill, Inc., including inventory and accessories. Pursuant to § 364(d), this lien is intended to be senior and superior to any and all clailms against the Debtors to the fullest extent permitted under the Bankruptcy Code.

11.    Pursuant to Section 364(c) of the Bankruptcy Code, the Court may authorize the Debtor to obtain credit secured by a lien on property of the estate that is not otherwise subject to a lien.  To the best of the Debtor's knowledge, the only lien on the assets of the Debtor is that of Retail Credit Corporation in the amount of $625,650.00, which is a lien on all furniture, inventory owned by the Debtors and/or affiliates, pursuant to a UCC-1 Financing Statement filed on March 24, 2010.  Retail Credit Corporation is a corporation owned by insiders.

12. Pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure, the Court may authorize the obtaining of credit.  In the event the Debtors do not obtain post-petition financing, they will not have the available funds with which to continue business operations.  Accordingly, the Debtors respectfully submit that obtaining post-petition financing is necessary in order to avoid immediate and irreparable harm to the Debtors.

13. The Debtors respectfully submit that the proposed financing is in the best interest of the estate and its creditors, given the fact that the Debtors do not have the ability to obtain financing in conventional markets and has been unable to obtain financing elsewhere.  The Debtors respectfully submit that the estate and their creditors could not obtain more favorable financing than that which is proposed.

WHEREFORE, the Debtors respectfully request that the Court approve the proposed financing, authorize the Debtors to borrow, from Retail Credit Corporation up to the aggregate sum of $1,000,000.00 pursuant to the terms of the attached term sheet and

**Debtor-in-Possession Financing and Security Agreement, grant Retail Credit Corporation**

**a senior secured super-priority lien on all of the Debtors' assets pursuant to § 364(d) of the**

**Bankruptcy Code, and grant  any other and further relief which this court deems just and**

**proper.**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

FURR AND COHEN, P.A.
Attorney for Debtor
2255 Glades Road, Suite 337W
Boca Raton, FL 33431
(561) 395-0500/(561)338-7532-fax


By  /s/ Robert C. Furr
      ROBERT C. FURR, ESQ.
      Florida Bar No. 210854
      EMAIL rfurr@furrcohen.com


**SERVED VIA ECF NOTICE:**
Office of United States Trustee

# TERM SHEET

| | |
|---|---|
| Lender: | Retail Credit Corporation |
| Borrower: | Carl's Furniture, Inc. d/b/a Carl's |
| Amount of Loan: | Amount not to exceed $1,000,000.00 |
| Terms: | As needed to pay monthly operating expenses to be advanced solely at Lender's discretion and contingent upon execution of the Debtor-in-Possession Financing Security Agreement and entry of an interim and final order approving same. |
| Interest: | 8% until maturity.   Default rate 12% |
| Fees: | Borrower shall reimburse Lender for all fees, costs and expenses (including, but not limited to, attorneys fees and costs), incurred in connection with the negotiations, preparation and filing and/or recordation of this loan. |
| Repayment: | At Confirmation of a Plan, a Sale of the Debtors' assets, or upon an Event of Default. |
| Security: | Pursuant to § 346(d), the DIP Lender will be granted a senior secured super-priority security interest in any and all property of the Debtor and its related entities to the fullest extent permitted under the Bankruptcy Code. |
| Loan Documents: | Debtor-in-Possession Financing and Security Agreement |
| Event of Default: | Shall include, but is not limited to: a) the entry of an order dismissing, converting, or appointing a trustee or examiner in these Bankruptcy Cases; b) The entry of an order granting relief from, terminating, or modifying the automatic stay which would allow any creditor to execute upon or enforce a lien on any property of the Debtors; or c) the filing of a motion or any plan of reorganization or liquidation that does not provide for immediate re-payment in full of this loan |