UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD COUNTY DIVISION

IN RE:
CARL'S FURNITURE, INC.,
d/b/a CARL'S,

CASE NO. 11-24203-JKO
CHAPTER 11
**JOINTLY ADMINISTERED**

_____Debtor_____/
CARL'S FURNITURE OF NORTH
DADE, INC., d/b/a CARL'S,

CASE NO. 11-24216-JKO
CHAPTER 11

Debtor.
_____/

CARL'S FURNITURE OF SOUTH
DADE, INC., d/b/a CARL'S,

CASE NO. 11-24221-JKO
CHAPTER 11

Debtor.
_____/

CARL'S FURNITURE PLAZA, INC.,
d/b/a CARL'S,

CASE NO. 11-24229-JKO
CHAPTER 11

Debtor.
_____/

CARL'S OF LAUDERHILL, INC.,
d/b/a CARL'S,

CASE NO. 11-24231-JKO
CHAPTER 11

Debtor.
_____/

**DEBTORS' EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO HONOR PRE-PETITION CUSTOMER DEPOSITS AND DELIVER FURNITURE PURSUANT TO SALES CONTRACTS**

**EMERGENCY HEARING REQUESTED**

Reason for Exigency

The Debtors have recently filed Chapter 11. They are operating furniture stores. On a daily basis they have customers who have placed deposits on furniture and wish to have that furniture delivered and to pay the balance of their contracts.

- 1 -

CARL'S FURNITURE, INC., CARL'S FURNITURE OF NORTH DADE, INC., CARL'S FURNITURE OF SOUTH DADE, INC., CARL'S FURNITURE PLAZA, INC., and CARL'S OF LAUDERHILL, INC., the Debtors and Debtors-in-Possession (the "Debtors"), through counsel, moves for the entry of Order authorizing it to honor pre-petition customer deposits and deliver furniture pursuant to the sales contracts and in support thereof, states as follows:

1. On May 24, 2011 (the "Petition Date"), the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtors have operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtors continue to operate their business and manage their assets as a Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1134. These matters constitute core proceedings under 28 U.S.C. § 157(b)(2).

4. The Debtors are Florida Corporations that operate retail furniture and accessories stores in South Florida. The Debtor, Carl's Furniture, Inc., is the one hundred percent (100%) shareholder of four (4) corporations that have filed Chapter 11 proceedings, namely: Carl's Furniture of North Dade, Inc.; Carl's Furniture of South Dade, Inc., Carl's Furniture Plaza, Inc.; and Carl's of Lauderhill, Inc. Each store operates at a different location in either Broward or Miami-Dade County. Accordingly, venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. Pre-Petition, each of the Debtors sold furniture to consumers, many of whom

placed deposits in varying amounts for the purchase of the furniture (the "Contracts"). Some of the consumers even paid in full for the order to have it held in the Debtors' warehouse when they were ready for delivery.

6. 11 U.S.C. § 507(a)(7) provides that individuals are each allowed a $2,600.00 claim for consumer deposits in connection with the purchase of property for personal, family or household use that were not delivered or provided. Clearly, the deposits of the customers of the various Carl's stores are included in this provision.

7. Some of the deposits are less than $2,600.00 and some are more than $2,600.00. If Carl's does not deliver the furniture according to the sales contracts, each of the customers will be entitled to file a § 507(a)(7) priority claim in the amount of $2,600.00, which would be paid before any other creditors in the case are paid.

8. The Debtors-in-Possession have sought an order from the Court approve post-petition debtor-in-possession financing. The Debtors-in-Possession during the Chapter 11 want permission from the Court to honor the pre-petition Contracts, to deliver the furniture to the various customers, which a credit to the customers for the amount of the deposit they made, whether it is $2,600.00 or more.

9. Allowing the Debtors to fulfill these Contracts will create good will in the community which will help the Debtors' reorganization and business going forward, and will reduce the likelihood of very large § 507(a)(7) class and in fact, prevent such a class from having to be treated in the Debtor's Plan of Reorganization. In most instances, the Debtor will receive additional funds from the completion of the Contract which would go into the Debtor-in-Possession accounts. In some instances, the customers have already paid in full for the furniture but the furniture is in the Debtors' warehouse and is really the property of the individual

customer.

10. The Debtors believe it is in the best interest of the reorganization and the creditors in this case that the Court allows it to complete these Contracts on the deposits and satisfy the customers.

WHEREFORE, the Debtors request that this Court allow it to complete the consumer customer Contracts it has with deposits for furniture, to deliver the furniture, give a credit to the customers for the deposit, collect the balance of the funds for the sale and for such and further relief as this Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

> FURR AND COHEN, P.A.
> Attorney for Debtors
> 2255 Glades Road, Suite 337W
> Boca Raton, FL 33431
> (561) 395-0500/(561)338-7532-fax
>
> By /s/ Robert C. Furr
> ROBERT C. FURR, ESQ.
> Florida Bar No. 210854
> EMAIL rfurr@furrcohen.com

**SERVED VIA ECF NOTICE:**

- Robert C Furr    bnasralla@furrcohen.com
- Philip J Landau    plandau@sfl-pa.com, lrosetto@sfl-pa.com;blee@sfl-pa.com;vchapkin@sfl-pa.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Bradley S Shraiberg    bshraiberg@sfl-pa.com, narakaki@sfl-pa.com;lrosetto@sfl-
- pa.com;scusack@sfl-pa.com;blee@sfl-pa.com
- Zana.M.Scarlett@usdoj.gov
-